Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
LILIAN ALMENDARES, individually and on behalf of all
others similarly situated,

                                 Plaintiff,

      -against-

EL FUERTE DELI AND GROCERY CORP. and EL FUERTE
DELI AND GROCERY II, CORP. and JUNIOR CASTRO JR.
and RAMONA VARGAS, as individuals,

                              Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, **LILIAN ALMENDARES**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiff"), by her attorneys at Helen F. Dalton & Associates, P.C., alleges upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

## **PRELIMINARY STATEMENT**

1. Plaintiff, through undersigned counsel, brings this action against **EL FUERTE DELI AND GROCERY CORP. and EL FUERTE DELI AND GROCERY II, CORP. and JUNIOR CASTRO JR. and RAMONA VARGAS, as individuals**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at **EL FUERTE DELI AND GROCERY CORP. and EL FUERTE DELI AND GROCERY II, CORP.**, located at 1 Long Beach Road, Hempstead, NY 11550 and at 1142 Front Street, Uniondale, NY 11553.

1

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### *The Plaintiff*

7. Plaintiff LILIAN ALMENDARES residing in Hempstead, NY 11550, was employed by Defendants at EL FUERTE DELI AND GROCERY CORP. and EL FUERTE DELI AND GROCERY II, CORP. located at 1 Long Beach Road, Hempstead, NY 11550 and at 1142 Front Street, Uniondale, NY 11553, from in or around May 2022 until in or around July 2022.

8. At all relevant times hereto, Plaintiff performed work simultaneously in both locations from in or around May 2022 until in or around July 2022.

### *The Defendants*

### El Fuerte Deli and Grocery Corp.

9. At all relevant times, Defendant EL FUERTE DELI AND GROCERY CORP., is a New York domestic business corporation organized under the laws of New York with a principal executive office at 137 Washburn Avenue, Freeport, NY 11520.

10. At all relevant times, Defendant EL FUERTE DELI AND GROCERY CORP. is registered in the New York Department of State, Division of Corporation with service of process address at 1142 Front Street, Uniondale, NY 11553.

### El Fuerte Deli and Grocery II, Corp.

11. At all relevant times, Defendant EL FUERTE DELI AND GROCERY II, CORP., is a New York domestic business corporation organized under the laws of New York with a principal executive office at 1 Long Beach Road, Hempstead, NY 11550.

12. At all relevant times, Defendant EL FUERTE DELI AND GROCERY II, CORP. is registered in the New York Department of State, Division of Corporation with service of process address at 1 Long Beach Road, Hempstead, NY 11550.

### Junior Castro Jr. and Ramona Vargas

13. At all relevant times, Defendants JUNIOR CASTRO JR. and RAMONA VARGAS own and operate EL FUERTE DELI AND GROCERY CORP. and EL FUERTE DELI AND GROCERY II, CORP.

14. Upon information of belief, Defendants JUNIOR CASTRO JR. and RAMONA VARGAS are agents of EL FUERTE DELI AND GROCERY CORP. and EL FUERTE DELI AND GROCERY II, CORP.

15. At all relevant times, Defendants JUNIOR CASTRO JR. and RAMONA VARGAS are responsible for overseeing the daily operations of EL FUERTE DELI AND GROCERY CORP. and EL FUERTE DELI AND GROCERY II, CORP.

16. At all relevant times, Defendants JUNIOR CASTRO JR. and RAMONA VARGAS have power and authority over all the final personnel decisions at EL FUERTE DELI AND GROCERY CORP. and EL FUERTE DELI AND GROCERY II, CORP.

17. At all relevant times, Defendants JUNIOR CASTRO JR. and RAMONA VARGAS have power and authority over all final payroll decisions of EL FUERTE DELI AND GROCERY CORP. and EL FUERTE DELI AND GROCERY II, CORP., including the Plaintiff.

18. At all relevant times, Defendants JUNIOR CASTRO JR. and RAMONA VARGAS have the exclusive power to hire and fire employees at EL FUERTE DELI AND GROCERY CORP. and EL FUERTE DELI AND GROCERY II, CORP., establish and

pay their wages, set their work schedule, and maintain their employment records, including the Plaintiff.

19. During all relevant times herein, Defendants JUNIOR CASTRO JR. and RAMONA VARGAS were Plaintiff's employer within the meaning of the FLSA and NYLL.

20. On information and belief, EL FUERTE DELI AND GROCERY CORP. and EL FUERTE DELI AND GROCERY II, CORP., are, at present and have been at all times relevant to the allegation in the complaint, enterprises engaged in interstate commerce within the meaning of the FLSA in that the entities (i) have had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) have had an annual gross volume of sales of not less than $500,000.00.

### Joint Enterprise(s) of Corporate Defendants

21. At all times relevant to this action, Corporate Defendants were enterprises as defined in Sec. 3(r) of the FLSA, 29 U.S.C. § 203(r).

22. At all times relevant to this action, Corporate Defendants were Plaintiff's employers as defined by 29 U.S.C. § 203(d) and NYLL §§ 2(6), 190(3) and 651(6) and Corporate Defendants employed or jointly employed Plaintiffs.

23. Upon information and belief, Corporate Defendants shared a common or overlapping management, as all are operated by the individual Defendant(s) sued herein.

24. Upon information and belief, Corporate Defendants shared the same pay practices, policies and procedures, and/or payroll systems for paying employees of Corporate Defendants.

25. Upon information and belief, Corporate Defendants functioned as a single integrated enterprise for purposes of the FLSA/NYLL.

### FACTUAL ALLEGATIONS

26. Plaintiff LILIAN ALMENDARES was employed by Defendants at EL FUERTE DELI AND GROCERY CORP. and EL FUERTE DELI AND GROCERY II, CORP., from in or around May 2022 until in or around July 2022.

27. During Plaintiff LILIAN ALMENDARES's employment by the Defendants at EL FUERTE DELI AND GROCERY CORP. and EL FUERTE DELI AND GROCERY II, CORP., Plaintiff's primary duties were as a cook, food preparer, and cleaner, while performing other miscellaneous duties, from in or around May 2022 until in or around July 2022.

28. Plaintiff LILIAN ALMENDARES regularly worked seven (7) days per week from in or around May 2022 until in or around July 2022.

29. In the first three weeks of Plaintiff's employment, Plaintiff LILIAN ALMENDARES regularly worked a schedule of shifts beginning at approximately 4:00 a.m. each workday and regularly ending at approximately 11:00 p.m., or later, seven (7) days per week at Defendants' address located at 1 Long Beach Road, Hempstead, NY 11550.

30. Beginning at approximately on the fourth week of Plaintiff's employment, Plaintiff LILIAN ALMENDARES was ordered by Defendants to also work at another deli located at 1142 Front Street, Uniondale, NY 11553.

31. Plaintiff worked her first shift at 1 Long Beach Road, Hempstead, NY 11550 beginning at approximately 4:00 a.m. each workday and regularly ending and approximately 2:00 p.m. or later. Plaintiff would then travel to 1142 Front Street, Uniondale, NY 11553 to start her second shift beginning at approximately 3:00 p.m. each workday and regularly ending at approximately 11:00 p.m., or later, seven (7) days per week, from in or around May 2022 until in or around July 2022.

32. Thus, Plaintiff LILIAN ALMENDARES was regularly required to work approximately one hundred thirty-three (133) hours per week from in or around May 2022 until in or around July 2022.

33. At the time of Plaintiff's hire, Defendants agreed to pay Plaintiff $11.00 per hour. However, Plaintiff was only compensated $500.00 in her first week of employment and was not compensated at all by the Defendants thereafter until the end of Plaintiff's employment.

34. Thus, Plaintiff LILIAN ALMENDARES was not compensated at all for approximately eleven (11) weeks of work. Defendants issued Plaintiff a check in the amount of $600.00 after her employment ended, but the check was unable to be cashed or deposited due to insufficient funds.

35. Defendants failed to pay Plaintiff LILIAN ALMENDARES the legally prescribed minimum wage for all her hours worked from in or around May 2022 until in or around July 2022, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

36. Although Plaintiff LILIAN ALMENDARES worked approximately one hundred thirty-three (133) hours or more hours per week from in or around May 2022 until in or around July 2022, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

37. Moreover, Plaintiff LILIAN ALMENDARES worked in excess of ten (10) or more hours per day approximately seven (7) days per week from in or around May 2022 until in or around July 2022, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

38. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

39. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

40. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

41. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have receiving for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

42. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and

proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings this action on behalf of herself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are the collective class.

44. Collective Class: All persons who are or have been employed by the Defendants as cooks, food preparers, cleaners, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

45. Upon information and belief, Defendants employed approximately 10 or more employees within the relevant time period who were subjected to similar payment structures.

46. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

47. Defendants' unlawful conduct has been widespread, repeated, and consistent.

48. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

49. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

50. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class.  There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to

join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

51. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

52. The claims of Plaintiff are typical of the claims of the putative class.

53. Plaintiff and her counsel will fairly and adequately protect the interests of the putative class.

54. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

55. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

56. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

57. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

58. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

59. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

60. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

61. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated

damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

62. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

63. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

64. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

65. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to her unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

### Minimum Wages Under New York Labor Law

66. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

67. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

68. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

69. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

70. Defendants failed to credit or compensate Plaintiff the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

71. Defendants failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

72. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FOURTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor

73. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

74. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4.

75. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## FIFTH CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

76. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

77. Defendants willfully failed to pay Plaintiff's wages for hours worked in violation of 29 U.S.C. §206(a).

78. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiff.

79. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SIXTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

80. Plaintiff incorporates by reference all allegations in all preceding paragraphs.

81. At all times relevant to this action, Plaintiff were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

82. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

83. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## SEVENTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

84. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

85. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).

86. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

87. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

88. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

89. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff's unpaid overtime wages;

c. Awarding Plaintiff's unpaid minimum wages;

a. Awarding Plaintiff's unpaid spread of hours compensation;

b. Awarding Plaintiff's unpaid wages;

d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiff prejudgment and post-judgment interest;

f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

g. Awarding such and further relief as this court deems necessary and proper.


**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: November 16, 2023
     Kew Gardens, NY



*Roman Avshalumov*
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LILIAN ALMENDARES, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

EL FUERTE DELI AND GROCERY CORP. and EL FUERTE DELI AND GROCERY II, CORP. and JUNIOR CASTRO JR. and RAMONA VARGAS, as individuals,

Defendants.

## COLLECTIVE ACTION COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

<u>To:</u>

*Service via Secretary of State:*
**EL FUERTE DELI AND GROCERY CORP. (DOS ID# 5644631)**
1142 Front Street, Uniondale, NY 11553

**EL FUERTE DELI AND GROCERY II, CORP. (DOS ID# 6394880)**
1 Long Beach Road, Hempstead, NY 11550

*Via Personal Service:*
**EL FUERTE DELI AND GROCERY CORP.**
1142 Front Street, Uniondale, NY 11553

**EL FUERTE DELI AND GROCERY II, CORP.**
1 Long Beach Road, Hempstead, NY 11550

**JUNIOR CASTRO JR.**
1142 Front Street, Uniondale, NY 11553
**RAMONA VARGAS**
1 Long Beach Road, Hempstead, NY 11550