UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LILIAN ALMENDARES, individually and on behalf of
all others similarly situated,

                                                 Plaintiff,

         -against-

EL FUERTE DELI AND GROCERY CORP. and EL
FUERTE DELI AND GROCERY II, CORP. and
JUNIOR CASTRO JR. and RAMONA VARGAS, as
individuals,

                                        Defendants.
-----------------------------------------------------------------X

Civil Docket No.:
2:23-cv-08505-SIL

**JUDGMENT**

Plaintiff, **LILIAN ALMENDARES**, individually and on behalf of all others similarly situated ("Plaintiff"), having commenced this FLSA action against Defendants, **EL FUERTE DELI AND GROCERY CORP. and EL FUERTE DELI AND GROCERY II, CORP. and JUNIOR CASTRO JR. and RAMONA VARGAS, as individuals** ("Defendants") pursuant to the filing of the Summons and collective action Complaint on November 16, 2023; and

Plaintiff and the Defendants (collectively, "the parties"), having reached a settlement in resolution of all claims asserted by Plaintiff against Defendants in this matter; and

The parties, having submitted their motion for settlement approval with the Court on December 6, 2024, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015) (Dkt. No. 26), together with the parties' fully executed Settlement Agreement with fully

1

executed Confessions of Judgment annexed thereto (Dkt. No. 26-1) (hereinafter, the "Agreement," hereto as Exhibit A) [1]; and

Whereas, on February 11, 2025, the Court granted the Parties' request for approval of their Settlement Agreement.

Whereas, pursuant to the parties' Agreement, Defendants were required to pay the amount $2,500.00 to be paid within 30 days of Court approval of the Settlement Agreement; the amount of $12,500.00 to be paid in five (5) equal monthly installment of $2,500.00 commencing 30 days after the first installment is due and continuing every 30 days; and the amount of $20,000.00 to be paid within 30 days after the sixth installment is due;

Whereas, the first payment of $2,500.00 was due on March 11, 2025 and second payment of $2,500.00 on April 11, 2025;

Whereas, to date, the Defendants have neither made any payment to Plaintiff nor to her attorneys Helen F. Dalton & Associates, P.C.;

Whereas, on April 16, 2025, Plaintiff served the Defendants' counsel a Notice of Breach regarding the Defendants payment default and was given five (5) business days to cure such default pursuant to the parties Agreement; and

---

[1] Pursuant to the payment schedule set forth in Paragraph 1 of the parties' Agreement, Defendants were required to make payments in the following manner, commencing 30 days after Court approval of the Agreement: *Initial Payment of $2,500.00, payable and to apportioned between Plaintiff and Helen F. Dalton & Associates, P.C.; 2nd Installment through 6th Installment in the amount of $2,500.00 per installment, payable within 30 days after the initial payment and every 30 days thereafter; and 7th Installment in the amount of $20,000.00 payable within 30 days after the 6th installment.*

Whereas, Defendants have not cured their default on their two monthly installments in the accumulated amount of $5,000.00 which, to date, remain outstanding, due and owing to Plaintiff and to Plaintiff's counsel, and

Whereas, Defendants, to date, have not paid any portion of the total Settlement Funds; pursuant to ¶ 2(b) of the parties' Settlement Agreement, *"If Defendants do not cure the defect within five (5) business days of receipt of the notice then all settlement monies owed under this Agreement shall be immediately due in their entirety."*

Whereas, the fully executed Confessions of Judgment of defendants Junior Castro, Jr. and Ramona Vargas, clearly states that, *"If Defendants do not cure the defect within five (5) business days of receipt of the notice, all amounts payable herein shall be accelerated and Plaintiff shall be permitted to file the confessions of judgment with the Clerk of the Eastern District of New York and/or in a Court of competent jurisdiction in the amount of $70,000.000 less 200% of any amounts previously paid by Defendants pursuant to this Agreement."*

Whereas, Defendants authorized Plaintiff to enter judgment against them, jointly and severally for the amount due in the event of any default. *See,* Defendants fully executed Confessions of Judgment;

Defendants, to date, having failed to tender payments, or otherwise cure their default, owe Plaintiff the liquidated amount of **$70,000.00** (confession of judgment amount less 200% of all payments made), plus statutory costs and attorneys' fees.

**NOW**, on motion of Roman Avshalumov, Esq., of Helen F. Dalton & Associates, P.C., attorneys for the Plaintiff, it is hereby:

**ORDERED**, that Plaintiff **LILIAN ALMENDARES** is entitled to a judgment in the amount **$70,000.00**, against defendants, **EL FUERTE DELI AND GROCERY CORP. and EL FUERTE DELI AND GROCERY II, CORP. and JUNIOR CASTRO JR. and RAMONA VARGAS, as individuals**, jointly and severally, and attorney's fees and costs arising from defendants' default under the parties' Settlement Agreement, plus post-judgment interest pursuant to 28 U.S.C. § 1961 accruing as of the date of entry of this judgment; plus a fifteen percent (15%) penalty increase if judgment is not paid within ninety (90) days, as provided for in NYLL § 198(4).

**SO ORDERED:**

Dated: May 28, 2025

Central Islip, New York

_____
 Hon. STEVEN I. LOCKE
 United States Magistrate Judge
 Eastern District of New York

4